**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE WATSON, ROBERT SAIGER, and HOWARD GOLDBERG, on behalf of plaintiffs and the class members described herein, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| MICROSOFT CORPORATION, | ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs, Stephanie Watson, Robert Saiger and Howard Goldberg, bring this action to secure redress for the conduct of defendant, Microsoft Corporation, in installing a Windows 10 upgrade that resulted in data loss and damage to their computers.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1332(d).  The amount in controversy, on a classwide basis, exceeds $5 million, exclusive of interest and costs.  The parties are of diverse citizenship, as set forth below.  There are more that 100 class members.

3.      Venue and personal jurisdiction in this District is proper because a material part of the claim arose here.

1

## PARTIES

4.     Plaintiff Stephanie Watson is a resident of Northfield, Illinois

5.     Plaintiff Robert Saiger is a resident of Urbana, Illinois.

6.     Plaintiff Howard Goldberg is a resident of Highland Park, Illinois.

7.     Defendant, Microsoft Corporation ("Microsoft"), is a Washington corporation with its principal place of business at 1 Microsoft Way, Redmond, WA 98052.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

8.     Microsoft is a well-known international company and manufacturer of software, computer hardware and related goods, and markets such goods to residents of the United States and the State of Illinois.

## FACTS

9.     Microsoft is a prominent provider of computer operating systems. Their various Windows systems account for 85% of the systems in use throughout the world.  Defendant has sold more than 2 billion Windows operating systems in various editions.  *See Exhibit A*.

10.     Plaintiffs were owners and users of computers equipped with the Microsoft Windows 7 operating systems and previous versions of Windows operating systems.

11.     Each plaintiff had paid for a computer with the Microsoft operating system. Plaintiff Watson purchased her computer in 2013, and plaintiff Saiger purchased his computer in 2014.

12.     Defendant offers"updates" to the systems which are  refinements to the systems and are part of the software package that is offered by defendant. The consumer normally has the

2

ability (option) to turn these updates off.

13.     Defendant gains access to the consumer's computer for these updates via the consumer's use of the Internet.

14.     In general these updates are welcome in that they address technical or security matters.

15.     Defendant takes advantage of its access to the customer's computer and places unrequested icons on the consumer's computer.

16.     Defendant places 'Windows' icons on the consumer's personal computer (PC) that lead to the offer of a 'free' Windows 10 installation. The first icon is placed in the lower right corner of the toolbar if the toolbar is positioned on the bottom of the monitor. If the popup (described below) is dismissed by the user by clicking on the "**X**" then Microsoft places a new and larger Windows icon on the left portion of the toolbar. (*See Exhibit B* for an illustration of the icons and their placement.)

17.     If the user clicks on the Windows icon a popup box appears on the monitor screen and the user is offered a 'Free upgrade" to Windows 10. The only options that appear on this screen are to: "Upgrade Now" or "Upgrade Tonight". The option boxes are shaded and appear to be the only option available to the user. There is also an "**X**" to dismiss the popup. However, even when a user clicks on the "**X**", the popup box will appear autonomously and of its own volition during the course of the day. More recently a new popup box has appeared which also expects you to "schedule an upgrade" - more or less presuming the consumer wants one. ( See *Exhibit C* for illustrations of the popup boxes.)

18.     Typically when an offer is made on the internet for goods, information or services,

3

the target of the offer is given an option – and a box or circle to click on – verifying something like: ☐ YES, SEND ME SPECIAL OFFERS or ☐ NO, THANKS.

19.     The Windows 10 popups have no provision for their refusal or removal.

20.     Similarly the icons on the toolbar show no provision for removal and are, in fact, very difficult to remove. The user has to resort to seeking professional IT help or searching the internet for procedures to remove the icon (which apparently do not always work).

21.     A great number of people have installed the Windows 10 system inadvertently or without full realization of the extent of the download. Once downloaded, the Windows 10 system does not have an option for its deletion.

22.     The program can be deleted but it takes a significant effort to find out how to do so; a typical user will not have the expertise to remove the system without professional IT help.

23.     Also, a user has only 30 days to find out how to delete the Windows 10 application or else it becomes permanent.

24.     The majority of PC users are not highly skilled in computer arts and want their computers to function simply and without complication.

25.     On information and belief, the Windows 10 upgrade is reversible but less than 10% of users have the expertise to reverse the process or disengage the Windows 10 promotion. If a user waits too long – defendant allows 30 days to retract the upgrade – then the upgrade is irreversible.

26.     Additionally, the Windows 10 update is capable of installing itself. (*Exhibits D, F*)

27.     The Windows 10 system often installs itself without any action being taken by the consumer.  The first the consumer knows of the installation is a message on the computer screen,

"DO NOT TURN OFF YOUR COMPUTER WHILE WINDOWS 10 IS BEING

DOWNLOADED".  In fact, the only way to stop the download is do what the message forbids

and turn off your computer -- immediately.

28.     Defendant has been making this 'Free' Windows 10 upgrade offer since July 29,

2015 and set it to   expire on July 28, 2016.

29.     Prior to Windows 10, when defendant developed a Windows operating system it

would  sell it to either the actual consumer or a purveyor of computers who would install it on the

computers  that the company sold.

30.     On information and belief, the reason why defendant offered a "free" upgrade is

that the Windows 10 system has a link to other Microsoft products and by its installation seems

to obviate the free aspect of some previously installed programs or functions of the other

Windows systems. *See Exhibit E* for a discussion of why Windows 10 is not really 'Free'.

31.     Allegedly the Windows 10 installer genie checks the consumer's computer for

compatibility; it does not, however, check the condition of  the PC and whether or not the hard

drive can withstand the stress of the Windows 10 installation.

32.     The Windows 10 installer also does not check whether other software already

loaded on the consumer's computer is compatible with Windows 10.

33.     Many consumers have had their hard drive fail because of the Windows 10

installation. *See  Exhibit D*.

34.     Many consumers have had their existing software and data rendered inoperable by

the Windows 10 installation.

35.     Plaintiff Watson had Windows 10 installed on her computer without her electing

5

to accept it.

36. Plaintiff Watson suffered the following adverse consequences as a result of the installation of Windows 10 on her computer:

  a.  Plaintiff lost data, some of which was related to her job;

  b.  Plaintiff hired Geek Squad and paid them in order to try to repair the machine, without complete success;

  c.  Plaintiff had to purchase a replacement machine in order to have a fully functioning computer.

37. Plaintiff Saiger elected to accept Windows 10.

38. Plaintiff Saiger suffered the following adverse consequences as a result of the installation of Windows 10 on his computer:

  a.  Existing software and applications loaded on the computer ceased functioning;

  b.  Plaintiff lost data;

  c.  Plaintiff lost time and money and incurred aggravation attempting to reconstruct and replace the data.

39. Plaintiff Goldberg elected to accept Windows 10 after declining over 6 months of daily prompts requesting him to download it. After three attempts to download Windows 10, each of which tied up his computer for extended periods of time, Goldberg's computer was damaged, and Windows 10 was not actually downloaded and functional. Goldberg contacted Microsoft about the problems, and was told his computer was out of warranty, and that he would have to pay them for any assistance with the problems. Goldberg therefore had to have

6

somebody repair the computer to make it functional.

40.    Plaintiff Goldberg suffered the following adverse consequences as a result of the installation of Windows 10 on his computer:

a.    Loss of use of his computer, and existing software and applications loaded on the computer ceased functioning properly;

b.    Plaintiff lost data, which he was unable to completely recover the lost data, which included valuable business contacts, and plaintiff lost business revenues as a result;

c.    Plaintiff lost time and money and incurred aggravation attempting to reconstruct and replace the data.

### COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – UCC AND MAGNUSON MOSS ACT

41.    Plaintiffs incorporate paragraphs 1-40.

42.    UCC §2-314, in force throughout the United States except Louisiana and Puerto Rico, required that goods be "fit for the ordinary purposes for which such goods are used" and be "adequately contained, packaged, and labeled as the agreement may require." The Illinois citation is 810 ILCS 5/2-314.

43.    The Windows 10 operating system is a good.

44.    The Windows 10 operating system upgrade was not fit for the ordinary purposes for which such goods are used with respect to any person who lost data or suffered damage to their software or hardware upon installing it.

45.    Furthermore, defendant did not provide adequate labeling or warnings to consumers regarding the Windows 10 operating system upgrade before it was installed on

consumers' computers regarding the fact that consumers should back up their data before the

download was commenced, the fact that the operating system might render their computers or

particular programs on their computers unuseable, or the fact that the download might cause

them to lose data.

46.     The Windows 10 operating system upgrade is a "consumer product" within the

Magnuson Moss Consumer Product Warranty Act, 15 U.S.C. §2301.

47.     Notice of breach has been given to defendant.

48.     Defendant was in any event aware of the fact that its Windows 10 operating

system upgrade could cause loss of data or damage to hardware.

## CLASS ALLEGATIONS

49.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs  bring this claim on behalf

of  a class.

50.     The class consists of all  persons in the United States, except Louisiana and Puerto

Rico, who had the Windows 10 upgrade installed on a computer then equipped with Windows 7

or earlier operating systems, and who suffered loss of data or damage to software or hardware

within 30 days thereafter.

51.     Excluded from the class are defendant; any affiliate, parent, or subsidiary of

defendant; any entity in which defendant has a controlling interest; any officer, director, or

employee of defendant; any successor or assign of defendant; anyone employed by counsel

for plaintiffs in this action; and any judge to whom this case is assigned, his or her spouse, and all

persons within the third degree of relationship to them, as well as the spouses of such persons.

52.     The class is so numerous that joinder of all members is not practicable.  There are

8

hundreds or thousands of members of the class.

53.     There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

       a.     Whether the Windows 10 upgrade can cause loss of data or damage to hardware.

       b.     Whether and when defendant knew about the incompatibility;

       c.     Whether and when defendant disclosed this incompatibility to consumers;

       d.     Whether the distribution of the Windows 10 upgrade without warnings resulted in the breach of implied warranties.

54.     Plaintiffs' claims are typical of those of the proposed class.  All of their claims have the same legal and factual basis.

55.      Plaintiffs will fairly and adequately represent the class.  There is no conflict of interest between the plaintiffs and the class members.  Plaintiffs have retained counsel competent and experienced in class action litigation, and intend to prosecute this action vigorously.

56.     This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical. . Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions seeking the same relief.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members for the following relief:

      i.      Actual damages;

      ii.     Attorney's fees, litigation expenses and costs (under 15 U.S.C. 2310);

      iii.    Such other or further relief as the Court deems proper.

## COUNT II – PRODUCT LIABILITY

57.    Plaintiffs incorporate paragraphs 1-40.

58.    Defendant placed the Windows 10 upgrade into the stream of commerce in a defective condition.

59.    The upgrade is not reasonably fit, suitable or safe for its intended purposes because:

    a.    It damages data and computers in which it is used;

    b.    It failed to contain adequate warnings or instructions, warning the consumer that installation of the upgrade may result in loss of data or damage to hardware.

60.    Absent a warning or instruction, a reasonable consumer would not be aware that the upgrade could result in loss of data or damage to hardware.  Furthermore, warnings would permit consumers to take action to mitigate the potential harm, such as making a backup before installing the upgrade.

61.    Defendant knew of these problems.

62.    Defendant had a duty to warn that their product possesses these dangerous propensities to cause harm, and there is unequal knowledge with respect to the risk of harm caused by the upgrade.

63.     Defendant did not provide an adequate warning of these risks.

64.     As a direct and proximate cause of these defects, plaintiffs and class members suffered damages.

## CLASS ALLEGATIONS

65.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of  a class.

66.     The class consists of all  persons in the United States who had the Windows 10 upgrade installed on a computer then equipped with Windows 7 or earlier operating systems, and who suffered loss of data or damage to software or hardware within 30 days thereafter.

67.     Excluded from the class are defendant; any affiliate, parent, or subsidiary of defendant; any entity in which defendant has a controlling interest; any officer, director, or employee of defendant; any successor or assign of defendant; anyone employed by counsel for plaintiffs in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons.

68.     The class is so numerous that joinder of all members is not practicable.  There are hundreds or thousands of members of the class.

69.     There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

a.     Whether the Windows 10 upgrade can cause loss of data or damage to hardware.

b.     Whether and when defendant knew about the incompatibility;

11

    c.    Whether and when defendant disclosed this incompatibility to consumers;

    d.    Whether the distribution of the Windows 10 upgrade without warnings results in liability to persons who suffered loss of data or damage to hardware for sale of a defective product.

70.    Plaintiffs' claims are typical of those of the proposed class. All of their claims have the same legal and factual basis.

71.     Plaintiffs will fairly and adequately represent the class. There is no conflict of interest between the plaintiffs and the class members. Plaintiffs have retained counsel competent and experienced in class action litigation, and intend to prosecute this action vigorously.

72.    This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical. . Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members for the following relief:

    i.    Actual damages;

    ii.    Punitive damages;

    iii.    Costs;

    iv.    Such other or further relief as the Court deems proper.

### COUNT III – NEGLIGENCE

73.    Plaintiffs incorporate paragraphs 1-40.

12

74.     Defendant failed to exercise reasonable care in designing, formulating, and manufacturing the Windows 10 upgrade and placing it into the stream of commerce.

75.     As a result of its failure to exercise reasonable care, defendant distributed an operating system that was liable to cause loss of data or damage to hardware.

76.     Absent a warning or instruction, a reasonable consumer would not be aware of the problem.

77.     Defendant knew of the problem, and that the upgrade would cause the harms described herein absent a warning.

78.     Defendant had a duty to warn that the upgrade possesses these potentially harmful propensities.  There is unequal knowledge with respect to the risk of harm.

79.     Defendant failed to provide an adequate warning of these risks.

80.     As a direct and proximate cause of these defects, plaintiffs and class members suffered damages.

## CLASS ALLEGATIONS

81.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of  a class.

82.     The class consists of all  persons in the United States who had the Windows 10 upgrade installed on a computer then equipped with Windows 7 or earlier operating systems, and who suffered loss of data or damage to software or hardware within 30 days thereafter.

83.     Excluded from the class are defendant; any affiliate, parent, or subsidiary of defendant; any entity in which defendant has a controlling interest; any officer, director, or employee of defendant; any successor or assign of defendant; anyone employed by counsel

13

for plaintiffs in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons

84.     The class is so numerous that joinder of all members is not practicable.  There are hundreds or thousands of members of the class.

85.     There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

a.      Whether the Windows 10 upgrade can cause loss of data or damage to hardware.

b.      Whether and when defendant knew about the incompatibility;

c.      Whether and when defendant disclosed this incompatibility to consumers;

d.      Whether the distribution of the Windows 10 upgrade without warnings results in liability to persons who suffered loss of data or damage to hardware for negligence.

86.     Plaintiffs' claims are typical of those of the proposed class.  All of their claims have the same legal and factual basis.

87.      Plaintiffs will fairly and adequately represent the class.  There is no conflict of interest between the plaintiffs and the class members.  Plaintiffs have retained counsel competent and experienced in class action litigation, and intend to prosecute this action vigorously.

88.     This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical.

14

Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members for the following relief:

      i.      Actual damages;

      ii.     Punitive damages;

     iii.     Costs;

     iv.     Such other or further relief as the Court deems proper.

## COUNT IV – WASHINGTON CONSUMER PROTECTION ACT

89. Plaintiffs incorporate paragraphs 1-40.

90. Defendant engaged in deceptive acts and practices, in violation of Revised Code of Washington §19.86.020, by placing the Windows 10 upgrade into the stream of commerce in a defective condition without disclosing to consumers that it could damage data and computers in which it is loaded.

91. Section 19.86.020 provides that "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

92. Out of state plaintiffs are entitled to sue for violations committed by a Washington business. *Thornell v. Seattle Service Bureau, Inc.*, 184 Wash.2d 793, 363 P.3d 587 (2015).

93. Plaintiffs are entitled to bring suit under RCW §§19.86.090 and .093.

## CLASS ALLEGATIONS

94. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf

of  a class.

95.    The class consists of all  persons in the United States who had the Windows 10 upgrade installed on a computer then equipped with Windows 7 or earlier operating systems, and who suffered loss of data or damage to software or hardware within 30 days thereafter.

96.    Excluded from the class are defendant; any affiliate, parent, or subsidiary of defendant; any entity in which defendant has a controlling interest; any officer, director, or employee of defendant; any successor or assign of defendant; anyone employed by counsel for plaintiffs in this action; and any judge to whom this case is assigned, his or her spouse, and all persons within the third degree of relationship to them, as well as the spouses of such persons

97.    The class is so numerous that joinder of all members is not practicable.  There are hundreds or thousands of members of the class.

98.    There are common questions of law and fact with respect to the class, which common questions predominate over questions affecting only individual class members. These common questions include:

    a.    Whether the Windows 10 upgrade can cause loss of data or damage to hardware.

    b.    Whether and when defendant knew about the incompatibility;

    c.    Whether and when defendant disclosed this incompatibility to consumers;

    d.    Whether the distribution of the Windows 10 upgrade without warnings results in liability to persons who suffered loss of data or damage to hardware for engaging in unfair or deceptive practices.

    e.    The appropriate relief.

99.     Plaintiffs' claims are typical of those of the proposed class.  All of their claims have the same legal and factual basis.

100.     Plaintiffs will fairly and adequately represent the class.  There is no conflict of interest between the plaintiffs and the class members.  Plaintiffs have retained counsel competent and experienced in class action litigation, and intend to prosecute this action vigorously.

101.     This class action is superior to other available means for the fair and efficient adjudication of this dispute. While the individual injuries suffered by each proposed class member are meaningful, they are sufficiently small that individual actions are not economical. Even if class members could afford individual litigation, there is no reason to burden the courts with multiple actions.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members for the following relief:

i.     Actual damages;

ii.     Treble damages;

iii.     Attorney's fees, litigation expenses, and costs;

iv.     Such other or further relief as the Court deems proper.

## COUNT V  – ILLINOIS CONSUMER FRAUD ACT

102.     Plaintiffs incorporate paragraphs 1-40.

103.     Defendant engaged in deceptive acts and practices, in violation of 815 ILCS 505/2, by placing the Windows 10 upgrade into the stream of commerce in a defective condition without disclosing to consumers that it could damage data and computers in which it is loaded.

104.     Defendant engaged in such conduct in the course of trade and commerce.

17

105.     Plaintiffs are entitled to bring suit under 815 ILCS 505/10a.

## CLASS ALLEGATIONS

106.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiffs bring this claim on behalf

of a class.

107.     The class consists of all persons in Illinois who had the Windows 10 upgrade

installed on a computer then equipped with Windows 7 or earlier operating systems, and who

suffered loss of data or damage to software or hardware within 30 days thereafter.

108.     Excluded from the class are defendant; any affiliate, parent, or subsidiary of

defendant; any entity in which defendant has a controlling interest; any officer, director, or

employee of defendant; any successor or assign of defendant; anyone employed by counsel

for plaintiffs in this action; and any judge to whom this case is assigned, his or her spouse, and all

persons within the third degree of relationship to them, as well as the spouses of such persons

109.     The class is so numerous that joinder of all members is not practicable. There are

hundreds or thousands of members of the class.

110.     There are common questions of law and fact with respect to the class, which

common questions predominate over questions affecting only individual class members. These

common questions include:

    a.     Whether the Windows 10 upgrade can cause loss of data or damage to

           hardware.

    b.     Whether and when defendant knew about the incompatibility;

    c.     Whether and when defendant disclosed this incompatibility to consumers;

    d.     Whether the distribution of the Windows 10 upgrade without warnings

18

results in liability to persons who suffered loss of data or damage to

hardware for engaging in unfair or deceptive practices.

     e.     The appropriate relief.

111. Plaintiffs' claims are typical of those of the proposed class. All of their claims

have the same legal and factual basis.

112. Plaintiffs will fairly and adequately represent the class. There is no conflict of

interest between the plaintiffs and the class members. Plaintiffs have retained counsel competent

and experienced in class action litigation, and intend to prosecute this action vigorously.

113. This class action is superior to other available means for the fair and efficient

adjudication of this dispute. While the individual injuries suffered by each proposed class

member are meaningful, they are sufficiently small that individual actions are not economical.

Even if class members could afford individual litigation, there is no reason to burden the courts

with multiple actions.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class

members for the following relief:

     i.     Actual damages;

     ii.     Punitive damages;

     iii.     Attorney's fees, litigation expenses, and costs;

     iv.     Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


admission pro hac vice to be sought:


Richard G.  Chosid
LAW OFFICE OF RICHARD G. CHOSID, ESQ., P.A.
5550 Glades Road, Suite 200
Boca Raton, FL 33431
Service of electronic pleadings & documents: filings@chosidlaw.net
Email: rchosid@chosidlaw.net
(954) 351-1500
(805) 200-3760 (FAX)

## <u>JURY DEMAND</u>

Plaintiffs demand trial by jury.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\33507\Pleading\Complaint_Pleading.WPD

22